UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDSEY R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:23-cv-05466 <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

    Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

    After plaintiff's application was denied initially and upon reconsideration (AR 144, 158), a hearing was held before Administrative Law Judge (ALJ) Christopher Inama in January 2018 (AR 47–72). ALJ Inama issued a decision finding plaintiff not disabled in June 2018 (AR 159–74) which the Appeals Council subsequently vacated (AR 175–80). ALJ Inama held an additional hearing in July 2020 (AR 73–100) and issued another unfavorable decision in January 2021 (AR 181–211) which was also vacated by the Appeals Council (AR 212–17).

ALJ David Willis (the ALJ) held a remand hearing on July 28, 2022. AR 101–28. The ALJ issued a decision October 12, 2022 finding plaintiff not disabled during the relevant period (plaintiff's alleged date of onset was February 23, 2015, AR 107, date last insured was December 31 2020, AR 19). AR 15–46. The ALJ found plaintiff had the severe impairments of: "obesity, post-traumatic stress disorder (PTSD), depression, and anxiety with agoraphobia" AR 21. The ALJ decided that plaintiff would be unable to perform past work, but would be able to perform other work, in the category of light work, including price marker/checker, laundry worker and housekeeper. AR 37. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–7.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

Plaintiff raises a single issue—she argues the ALJ failed to properly weigh the opinion of treating provider Rebecca Ross, PhD, APRN. *See* Dkt. 10. Dr. Ross submitted an opinion in May 2020 opining marked and extreme limitations in plaintiff's abilities to understand, remember, and apply information; interact with others; concentrate, persist, or maintain pace; and adapt to changes. AR 2979–80. She opined plaintiff would not be able to maintain attendance or be punctual within customary tolerances, would be off task more than 25% of the time; and would miss work four or more days per week. *See* AR 2980–81.

Plaintiff filed her application prior to March 27, 2017, and therefore the regulations governing the evaluation of Dr. Ross's statement are those provided in 20 C.F.R. § 404.1527. Under those regulations, advanced practice registered nurses like Dr. Ross are classified as "other source[s]" and not "acceptable medical source[s]" who can provide a medical opinion.[1] *See* 20 C.F.R. § 404.1502(a). "The ALJ may discount testimony from these 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.'" *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ met this standard. The ALJ noted Dr. Ross's opinion was inconsistent with the opinions of acceptable medical sources Dr. Owens (a consultative examiner) and Drs. Davis and Amaro (state agency reviewers), to which the ALJ gave greater weight. AR 34. This is a germane reason for rejecting Dr. Ross's statement. *See Britton*

---

[1] Plaintiff counters that, because "the ALJ himself never raised such a criticism of Dr. Ross's opinion," the "criticism" of Dr. Ross as not being an acceptable medical source is "an impermissible post-hoc rationalization." Dkt. 16 at 2. But Dr. Ross's status as an ARNP (and therefore as an "other medical source") is not a "criticism" of her opinion or even a rationalization for the ALJ's decision, but, rather, a fact leading to the appropriate standard for reviewing the ALJ's rationale.

*v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (finding ALJ properly rejected statement of nurse practitioner because it was inconsistent with consulting physician's opinion); *Molina*, 674 F.3d at 1112 (finding inconsistency between opinions of acceptable medical source and other source germane reason for rejecting the latter). Plaintiff contends the ALJ failed to consider the statement's consistency with the opinion of Dalise Gada, LMFT (Dkt. 10 at 6–7) but the ALJ gave that opinion little weight (AR 32–34) and plaintiff does not challenge the ALJ's rationale for doing so.

The ALJ also found Dr. Ross's opinion inconsistent with plaintiff's activities of daily living. AR 34. This is a germane reason for rejecting the opinion. *See Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (finding inconsistency with activities of daily living germane reason). The ALJ noted, for instance, that some of Dr. Ross's opinion was based on her assessment that plaintiff has difficulties making decisions and taking care of her own needs, but that this was inconsistent with evidence showing plaintiff acted as the executrix of her mother's estate and completes activities of daily living. AR 34.

Plaintiff contends this was erroneous because the identified activities "do not necessarily translate to the work environment" (Dkt. 10 at 5) but the ALJ did not need to show as much. Rather, it is enough that the ALJ reasonably concluded the activities are inconsistent with the extreme limitations opined by Dr. Ross.

The ALJ also found the opinion inconsistent with the degree of treatment prescribed by Dr. Ross. *See* AR 34. He noted that the extreme limitations she opined were inconsistent with her "failure to recommend hospitalization or," after Dr. Ross moved states, to refer plaintiff "to another treatment provider at any point." AR 34. This

4

is a germane reason for rejecting the statement. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (finding prescription of conservative course of treatment which was "not the sort of . . . recommendations one would expect to accompany a finding that [the claimant] was totally disabled" valid basis to reject opinion of treating provider). Plaintiff contends the ALJ was not qualified to opine on potential treatment options (Dkt. 10 at 5) but there is "a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). Because the Court has found the ALJ gave valid, germane reasons for rejecting Dr. Ross's 2020 statement, it need not consider the remaining reasons given, as any error with respect to those reasons would be harmless. *See Molina*, 674 F.3d at 1115.

      Dr. Ross also submitted a statement in May 2022 (AR 3052–56); the ALJ gave little weight to this statement because it did "not pertain to the relevant period" (AR 34). Plaintiff contends this was erroneous. Dkt. 10 at 4. However, any error in this respect is harmless.[2] "The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Where two statements opine the same limitations, and an ALJ adequately discredits one of them, any error with respect to the other one of those statements is harmless, as the ALJ's reasoning applies respecting the former applies with equal force to the latter.

---

[2] Plaintiff contends such an error cannot be harmless error because it would mean the ALJ violated Commissioner's regulations requiring adequate assessment of medical opinions in issuing his decision. Dkt. 16 at 3–4. Ninth Circuit precedent forecloses this argument. *See Marsh v. Colvin*, 792 F.3d 1170, 1172–74 (9th Cir. 2015) (concluding harmless error applies to medical opinions and such application is not a post-hoc rationalization).

*See Molina*, 674 F.3d at 1121 ("[I]f an ALJ has provided well-supported grounds for rejecting testimony regarding specified limitations, we cannot ignore the ALJ's reasoning and reverse the agency merely because the ALJ did not expressly discredit each witness who described the same limitations.") (quotation and citation omitted).

Here, plaintiff acknowledges "Dr. Ross's 2022 opinion is largely identical to her 2020 opinion." Dkt. 10 at 4; Dkt. 16 at 3. Indeed, Dr. Ross's 2022 opinion used the same form used in 2020 and largely opined the same or lesser limitations as her 2020 opinion had. *Compare* AR 2979–81 *with* AR 3054–56. Because the ALJ gave germane reasons for rejecting Dr. Ross's similar 2020 opinion and Plaintiff has not shown the two opinions were meaningfully different, any error with respect to Dr. Ross's 2022 opinion was harmless. Thus, the ALJ did not commit reversible error in addressing Dr. Ross's 2020 and 2022 opinion. The Court therefore affirms the ALJ's decision.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 6th day of August, 2024.

Theresa L. Fricke
United States Magistrate Judge